**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JENNIFER DEMARCO, an individual, on behalf of herself and others similarly situated, | ) ) ) ) | No.: |
| Plaintiff, | ) ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| NORTHWESTERN MEMORIAL HEALTHCARE and NORTHWESTERN MEMORIAL HOSPITAL, | ) ) ) ) | |
| Defendants. | ) | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff, Jennifer DeMarco, on behalf of herself and others similarly situated, files the following Complaint, averring as follows:

1.      This is a nationwide collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), brought on behalf of plaintiff and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

> All persons employed within the three years preceding the filing of this action by Defendant (as hereinafter defined), whose pay was subject to an automatic 30 minute meal period deduction even when they performed compensable work during the unpaid "meal break" (the "Collective Action Class").

2.      In addition to the nationwide FLSA claims, Plaintiff brings this action as a state-wide class action on behalf of all Illinois citizens who, at any time during the past three years and up until the date of entry of judgment are or were employed by Defendant at any of Defendant's Illinois facilities to recover all unpaid wages under the Illinois Minimum Wage Law, ("IMWL"),

820 ILCS 105/1 *et seq.*; the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS

115/1 *et seq.*; and Illinois common law ("Illinois state law claims").

3.      Plaintiff brings the Illinois state law claims as a class action pursuant to Rules

23(a) and (b) of the Federal Rules of Civil Procedure on behalf of the following persons similarly

situated:

> All nursing staff (including, but not limited to, registered nurses,
> licensed practical nurses, nurse case managers, nurse interns, nurse
> practitioners, practice supervisors, professional staff nurses, quality
> coordinators, resource pool nurses, student nurse technicians)
> employed within the three years preceding the filing of this action
> by Defendant at any of its Illinois facilities, whose pay was subject
> to an automatic 30 minute meal period deduction even when they
> performed compensable work during the unpaid "meal break" (the
> "IL State Law Class").

4.      As explained herein, under applicable employment laws, Plaintiff and class

members are entitled to compensation for all hours worked.  Despite this plain truth, and

although Defendant regularly required Plaintiff and class members to work through all or part of

their meal break, Defendant subjected Plaintiff and class members to automatic deductions for

their scheduled meal breaks.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over Plaintiff's FLSA claims pursuant to 29

U.S.C. §216(b) and 28 U.S.C. §1331.

6.      This Court has original jurisdiction over Plaintiff's Illinois state law claims

pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2), because, upon

information and belief,  some members of the IL State Law Class are citizens of a state different

than Defendant and the matter in controversy exceeds the sum or value of $5,000,000.

7.     In addition, this Court has supplemental jurisdiction under 28 U.S.C. §1367 over

the Illinois state law claims because those claims derive from a common nucleus of operative

facts.

8.     Venue for this action properly lies in the Northern District of Illinois, pursuant to

28 U.S.C. §1391(b), because the claim arose in this judicial district.

**PARTIES**

**A.     Plaintiff**

9.     Plaintiff, Jennifer DeMarco, is an adult individual residing in Chicago, Illinois.

Plaintiff was employed by Defendant from March, 2001 through October, 2009 and at

Northwestern Memorial Hospital.  Plaintiff worked as a Clinical Coordinator in the Heart Failure

Pulmonary Department.  Plaintiff was regularly required to perform compensable work during

unpaid "meal breaks."

10.    For purposes of the Collective Action Class, Plaintiff consents in writing to be a

party to this collective action pursuant to 29 U.S.C. §216(b).

**B.     Defendants**

11.    Northwestern Memorial HealthCare is the corporate parent of Northwestern

Memorial Hospital and Northwestern Memorial Foundation.

12.    Northwestern Memorial HealthCare is headquartered at 251 E. Huron Suite 3-

708, Chicago, Illinois 60611.

13.    For the fiscal year ending August 31, 2008, Northwestern Memorial HealthCare

reported more than $519 million in assets and more than $1.3 billion in total revenue.

14.    Northwestern Memorial Hospital (hereinafter referred to as the "Hospital") is one

of the country's premier academic medical center hospitals and a major referral center for the

Midwest and beyond.  The Hospital provides a total of 854 licensed beds in the Feinberg

Pavilion, Prentice Women's Hospital and the Stone Institute of Psychiatry.  The Hospital staffs

7,144 employees.

15.     Northwestern Memorial Hospital is the corporate parent of Northwestern

Memorial Physicians Group, Northwestern Memorial Insurance Company, and Northwestern

HealthCare Corporation.

16.     The Hospital is located at 251 E. Huron, Chicago, Illinois, 60611.

17.     Northwestern Memorial and the Hospital are related organizations through, for

example, common membership, governing bodies, trustees and/or officers and benefit plans.

18.     Upon information and belief, at all times, the wage and hour and all related

employee compensation policies of Northwestern Memorial and the Hospital are and were

centrally and collectively dictated, controlled, and ratified.

19.     Upon information and belief, Northwestern Memorial and the Hospital share

common management and have common ownership.

20.     As such, Northwestern Memorial and the Hospital are the employer – single, joint

or otherwise – of the Plaintiff and class members.

21.     For purposes of this complaint, Northwestern Memorial and the Hospital are

hereinafter collectively referred to as "Defendant."

## FACTUAL BACKGROUND

22.     This action is filed on behalf of all non-exempt employees of Defendant whose

pay is subject to an automatic meal break deduction even when they perform compensable work

during their meal breaks.  These persons include, but are not limited to, secretaries,

housekeepers, custodians, clerks, porters, registered nurses, licensed practical nurses, nurses'

aides, administrative assistants, anesthetists, clinicians, medical coders, medical underwriters,
nurse case managers, nurse interns, nurse practitioners, practice supervisors, professional staff
nurses, quality coordinators, resource pool nurses, respiratory therapists, senior research
associates, operating room coordinators, surgical specialists, admissions officers, student nurse
technicians, trainers, and transcriptionists employed at any of Defendant's facilities.

23.     Given the demands of the health care industry and staffing shortages, Defendant
knows that in order to accomplish the tasks it assigns to Plaintiff and class members, Plaintiff
and class members have to work through their unpaid "meal breaks."

24.     Under the "Meal Break Deduction Policy," Defendant's computerized time and
attendance system automatically deducts a 30 minute meal period per work shift.

25.     Upon information and belief, Defendant maintains the "Meal Break Deduction
Policy" at all of its facilities.  Accordingly, all non-exempt employees of Defendant are subjected
to Defendant's "Meal Break Deduction Policy."

26.     Under Defendant's "Meal Break Deduction Policy," Defendant improperly and
illegally shifts the burden to Plaintiff and class members to ensure that non-qualifying "meal
breaks" are not deducted from their pay.

27.     Plaintiff and class members often perform compensable work for Defendant
during their uncompensated "meal breaks."

28.     Defendant does not ensure that Plaintiff and the class members are completely
relieved of their work duties during their uncompensated "meal breaks."  As such, Plaintiff and
class members are routinely not completely relieved of their job duties during their
uncompensated "meal breaks."

29.     In addition, Plaintiff and class members routinely are required to stay at their duty post during their uncompensated "meal breaks."

30.     Defendant does not prohibit Plaintiff and class members from working during their "meal breaks" and routinely suffers or permits Plaintiff and class members to perform such work.

31.     Further, Defendant fails to ensure that unauthorized work is not being performed during employee "meal breaks."

32.     In fact, although Defendant automatically deducts 30 minute meal periods, Defendant expects Plaintiff and class members to be available to work throughout their shifts and consistently require its employees to work during unpaid "meal breaks."

33.     Plaintiff and class members are expected to eat without any change in demands from patients or relief by additional staff.  Indeed, Plaintiff and class members are often required to respond to pages, as well as requests by patients, co-workers and management, during unpaid "meal breaks."

34.     Defendant knows and/or has reason to believe that Plaintiff and class members perform work during their unpaid "meal breaks."  Indicative of this, Plaintiff and class members perform work for Defendant, on Defendant's premises, in plain sight, and often at management's request (and at times in view of management) during their unpaid "meal breaks."

35.     Even though Defendant knows that Plaintiff and class members are working during "meal breaks," Defendant fails to compensate Plaintiff and class members for their work, electing instead to accept the benefits of Plaintiff and class members' uncompensated work.

36.     In addition, Plaintiff and other class members regularly worked after their scheduled shift ended for no remuneration.  Importantly, this work occurred after Plaintiff and

class members time ceased being recorded for that day.  Despite this "off-the-clock" work, Defendant did not provide additional compensation to Plaintiff or other class members, nor did it take ameliorative measures to ensure that such "off-the-clock" work ceased occurring.

37.    Due to Defendant's aforementioned employment practices, including specifically wherein it automatically deducts thirty minutes for meal breaks from Plaintiff and class members' wages, Plaintiff and class members often worked in excess of forty hours per week and were denied statutory overtime wages.

38.    Evidence generally reflecting the number of uncompensated hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendant.

39.    While Plaintiff is unable to state at this time the exact amount owed to the class, Plaintiff believes that such information will become available during the course of discovery. Irrespective of the foregoing, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

## CLASS/COLLECTIVE ACTION ALLEGATIONS

40.    The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

41.    Plaintiff brings this action on behalf of the Collective Action Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b).   In addition, Plaintiff brings this action on behalf of the IL State Law Class, for claims under the Illinois Minimum Wage Law, ("IMWL"), 820 ILCS 105/1 *et seq.*; the Illinois Wage Payment and

Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*; and Illinois common law, as a class action pursuant to Fed.R.Civ.P. 23.

42.    The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).  The claims under the IMWL, IWPCA, and Illinois common law may be pursued by all similarly-situated persons who do not opt-out of the IL Class pursuant to Fed.R.Civ.P. 23.

43.    The members of each of the Classes are so numerous that joinder of all members is impracticable.  While the exact number of the members of the Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are thousands of individuals in each defined class.

44.    There are questions of law and fact common to the Classes which predominate over any questions affecting individual members only.  These factual and legal questions include:

    a.    Whether Plaintiff and class members were expected to and/or mandated to regularly work during unpaid meal breaks;

    b.    Whether Defendant failed to pay Plaintiff and class members for all hours that they worked because of the fact that they automatically deducted 30 minute meal periods despite the fact that Plaintiff and class members regularly performed compensable work during "meal breaks";

    c.    Whether Defendant failed to pay Plaintiff and class members all overtime compensation due to them by virtue of their "Meal Break Deduction Policy";

    d.    The correct statute of limitations for Plaintiff's and class members' claims;

    e.    The correct method of calculating back overtime pay;

    f.    Whether Plaintiff and class members are entitled to compensatory damages, and if so, the means of measuring such damages;

    g.    Whether Plaintiff and class members are entitled to restitution;

      h.      Whether Defendant is liable for pre-judgment interest; and

      i.      Whether Defendant is liable for attorney's fees and costs.

.

45.      Defendant has acted and refused to act on grounds generally applicable to the Classes.

46.      The claims of the representative Plaintiff are typical of the claims of the Classes in that Plaintiff was denied overtime wages as a result of Defendant's uniform policy of not compensating its non-exempt employees for all hours worked.  This is the predominant issue which pertains to the claims of each and every class member.

47.      The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

48.      Furthermore, even if any member of the Classes could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.  The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

49.      Plaintiff will fairly and adequately protect the interests of the Classes, as her interests are in complete alignment with those of the entire class, i.e., to prove and then eradicate

Defendant's illegal employment practice of not paying overtime wages to their non-exempt employees.

50.     Counsel for Plaintiff will adequately protect the interests of the Classes. Such counsel is experienced with employment/class litigation and has previously served as class counsel in employment litigation.

51.     Plaintiff and the Classes she represents have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

52.     Defendant has engaged in a continuing violation of the FLSA.

53.     Plaintiff, as well as the individuals she represents, was denied overtime wages as a result of Defendant's pay practices. Defendant's action in denying overtime wages to Plaintiff was intentional and constitutes a willful violation of the FLSA.

54.     Defendant has engaged in a continuing violation of the IMWL and the IWPCA.

55.     Defendant's action in denying wages for all hours worked was intentional and constitutes a willful violation of the IWPCA.

56.     Defendant's action in denying overtime wages to Plaintiff was intentional and constitutes a willful violation of the IMWL and the IWPCA.

## COUNT I – FLSA

57.     The allegations set forth in the preceding paragraphs are incorporated herein.

58.     At all relevant times, Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. §§206(a) and 207(a). At all relevant times, Defendant employed Plaintiff and each member of the Collective Action Class consistent with the terms of the FLSA.

59.     At all relevant times, Defendant has had annual gross revenues in excess of $500,000.00.

60.     As a consequence of Defendant's employment practices whereby it automatically deducts thirty minutes for meal breaks from the pay of hourly, non-exempt employees, Plaintiff and class members were denied statutory overtime wages.

61.     Plaintiff and class members were employees of Defendant within the meaning of the FLSA and, as such, were entitled to the benefits of the FLSA's overtime wage requirements.

62.     Defendant's policy of denying Plaintiff and class members overtime wages represents and results in a violation of the FLSA's minimum wage requirements.

63.     Defendant has failed to pay appropriate overtime wages under the FLSA.

WHEREFORE, Plaintiff respectfully requests:

A.     All applicable statutory damages;

B.     A Declaration that Defendant has violated the FLSA;

C.     An Order designating this action as a collective action and directing the issuance of notice pursuant to 29 U.S.C. §216(b);

D.     An Order appointing Plaintiff and her counsel to represent those individuals opting in to the collective action;

E.     An Order awarding counsel for Plaintiff reasonable attorneys' fees and costs; and

F.     Any further relief which the Court deems appropriate under the circumstances.

## **COUNT II - IMWL**

64.     The allegations set forth in the preceding paragraphs are incorporated herein.

65.     The IMWL provides in relevant part:

"[N]o employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives

11

> compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed."

820 ILCS 105/4a(1).

66.     As a consequence of Defendant's employment practices whereby it automatically deducts thirty minutes for meal breaks from the pay of hourly, non-exempt employees, Plaintiff and class members were denied statutory overtime wages.

67.     Plaintiff and class members were employees of Defendant within the meaning of the IMWL and, as such, were entitled to the benefits of the IMWL's overtime wage requirements.

68.     Defendant is an employer within the meaning of the IMWL.

69.     Defendant's policy of denying Plaintiff and class members overtime wages represents and results in a violation of the IMWL's minimum wage requirements.

70.     Defendant has failed to pay appropriate overtime wages under the IMWL.

WHEREFORE, Plaintiff respectfully requests:

A.       That Defendant's conduct be declared to be in violation of the IMWL;

B.       That Plaintiff and class members are granted a permanent injunction enjoining Defendant, its officers, agents, successors, employees, attorneys, assigns, and other representatives, and all those acting in concert with it at its direction, from engaging in any employment policy or practice which violates the IMWL;

C.       That Defendant be ordered to make whole those persons adversely affected by the policies and practices described herein by providing appropriate back pay, and reimbursement for lost wages in an amount to be shown at trial;

D.     That Defendant be ordered to pay appropriate back pay to Plaintiff and class members;

E.     An Order designating this action as a class action;

F.     An Order appointing Plaintiff and her counsel to represent the IL State Law Class;

G.     Award counsel for Plaintiff reasonable attorneys' fees and costs; and

H.     Award any further relief which the Court deems appropriate under the circumstances.

## **COUNT III - IWPCA**

71.     The allegations set forth in the preceding paragraphs are fully incorporated herein.

72.     The IWPCA provides in relevant part:

> "Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period…"

820 ILCS 115/3.

> "All wages earned by an employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period on which such wages were earned…All wages and final compensation shall be paid in lawful money of the United States, by check, redeemable upon demand and without discount at a bank or other financial institution readily available to the employee, or by deposit of funds in an account in a bank or other financial institution designated by the employee…"

820 ILCS 115/4.

73.     Plaintiff and class members are/were employees of Defendant within the meaning of the IWPCA and, as such, are entitled to timely payment of wages due to them.

74.     Defendant is an employer within the meaning of the IWPCA.

75.     Defendant's policy of subjecting Plaintiff's and class members' pay to automatic meal break deductions even when they performed compensable work results in a violation of the IWPCA.

76.     Plaintiff and class members have entered into an unwritten agreement with Defendant pursuant to which Plaintiff and class members are to receive certain wages, in compensation for their work for Defendant.

77.     Defendant's failure to pay wages for every hour worked, as required by Illinois law, represents a violation of its oral agreement with Plaintiff and class members.

WHEREFORE, Plaintiff respectfully requests:

A.     That Defendant's conduct be declared to be in violation of the IWPCA;

B.     That Plaintiff and class members be granted a permanent injunction enjoining Defendant, its officers, agents, successors, employees, attorneys, assigns, and other representatives, and all those acting in concert with it at its direction, from engaging in any employment policy or practice which violates the IWPCA;

C.     That Defendant be ordered to make whole those persons adversely affected by the policies and practices described herein by providing appropriate back pay, and reimbursement for lost wages in an amount to be shown at trial;

D.     That Defendant be ordered to pay appropriate liquidated damages to Plaintiff and class members;

E.     An Order designating this action as a class action;

F.     An Order appointing Plaintiff and her counsel to represent the IL State Law Class;

G.     Award counsel for Plaintiff reasonable attorneys' fees and costs; and

H.      Award any further relief which the Court deems appropriate under the

circumstances.

## COUNT IV – UNJUST ENRICHMENT

78.     The allegations set forth in the preceding paragraphs are fully incorporated herein.

79.     Plaintiff brings this Count IV in the alternative to her claim under the IWPCA.

80.     Plaintiff and class members were not paid wages for every hour that they worked.

81.     Defendant retained the benefits of Plaintiff's and class members' uncompensated

work under circumstances which rendered it inequitable and unjust for Defendants to retain such

benefits without paying for their value.

82.     Defendant was unjustly enriched by requiring Plaintiff and class members to work

hours for which they were not compensated.

WHEREFORE, Plaintiff respectfully requests:

A.      That Defendant is declared to have been unjustly enriched;

B.      That Defendant be ordered to pay back to Plaintiff and the class the amounts

representing its unjust enrichment;

C.      An Order designating this action as a class action;

D.      An Order appointing Plaintiff and her counsel to represent the IL State Law Class;

E.      Award counsel for Plaintiff reasonable attorneys' fees and costs; and

F.      Award any further relief which the Court deems appropriate under the

circumstances.

Dated: January 20, 2010                                     Plaintiff

                                          By: _/s/ Marvin A. Miller_____
                                              Marvin A. Miller
                                              Matthew E. Van Tine
                                              MILLER LAW LLC
                                              115 South LaSalle Street, Suite 2910
                                              Chicago, IL 60603
                                              Telephone: (312) 332-3400
                                              Facsimile: (312) 676-2676
                                              Email: mmiller@millerlawllc.com
                                                     mvantine@millerlawllc.com


                                              FARUQI & FARUQI, L.L.P.
                                              Kendall S. Zylstra
                                              Gerald D. Wells, III
                                              Stephen E. Connolly
                                              2600 Philmont Avenue, Suite 324
                                              Huntingdon Valley, PA 19006
                                              Telephone: (215) 914-2460
                                              Facsimile: (215) 914-2462
                                              Email: kzylstra@faruqilaw.com
                                                     jwells@faruqilaw.com
                                                     sconnolly@faruqilaw.com

                                              CARLSON LYNCH, L.T.D.
                                              Gary Lynch
                                              Bruce Carlson
                                              36 N. Jefferson Street
                                              P.O. Box 7635
                                              New Castle, PA 16107
                                              Telephone: (724) 656-1555
                                              Facsimile: (724) 656-1556
                                              Email: bcarlson@carlsonlynch.com
                                                     glynch@carlsonlynch.com

GILBERT RUSSELL McWHERTER, P.L.C.
Michael L. Russell
Clinton H. Scott
J. Brandon McWherter
101 North Highland Avenue
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
Email: mrussell@gilbertfirm.com