# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 397 | **DATE** | 7/12/2010 |
| **CASE TITLE** | \multicolumn{3}{l}{DeMaroo vs. Northwestern Memorial Healthcare} |

**DOCKET ENTRY TEXT**

Accordingly, we deny Defendants' motion to dismiss.(13). For clarity we note that although DeMarco alleges class and collective actions, she has not yet moved for certification, and we express no opinion on her likelihood of success should she do so. It is so ordered.

*[signature: Marvin E Aspen]*

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

ORDER

Plaintiff Jennifer DeMarco filed a four-count complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.*, the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.*, and Illinois common law. Defendants Northwestern Memorial Healthcare and Northwestern Memorial Hospital moved to dismiss the complaint. For the reasons stated below, we deny the motion.

Defendants first argue that the Complaint is insufficiently pled under Rule 8 and the Supreme Court's recent pleading decisions. Fed. R. Civ. P. 8; *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949–50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. This factual content need not include "detailed factual allegations," but must be sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 U.S. at 1949.

In pertinent part, DeMarco alleges that she was employed by Defendants, that during her employment she worked during meal breaks and after her shift ended, and that she was not compensated for this work. (*See* Compl. ¶¶ 20, 27, 35–36.) She claims that she is entitled to compensation for these hours pursuant to the labor statutes cited above, or in the alternative that Defendants were unjustly enriched by receiving her labor without compensation. Despite Defendants' protest, DeMarco's allegations are not bald legal conclusions; they are factual allegations that specify the category of hours allegedly worked without compensation: during meal breaks and after shifts. These factual allegations are sufficient to put the Defendants on "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quotation omitted),

| STATEMENT |
|---|

and thus are sufficiently pled.

Defendants next argue that DeMarco fails to state a claim upon which relief can be granted because the Defendants' policy of automatically deducting thirty minutes for meal breaks, as alleged in the Complaint, is facially valid, according to a Department of Labor Opinion Letter. *See* FLSA2007-1NA, *available at* 2007 WL 5130364. The letter blesses an automatic meal time deduction "so long as the employer accurately records actual hours worked, including any work performed during the lunch period." *Id*. Defendants' reliance on the letter is inappropriate at this time. DeMarco alleges with sufficient detail that she performed work without compensation, in violation of applicable labor laws. If Defendants wish to rebut her allegations by presenting evidence that their meal time deduction policy accurately accounted for her hours in compliance with labor laws, they may do so at summary judgment. For now, we must take DeMarco's factual allegations as true and draw reasonable inferences in her favor. *See Iqbal*, 129 U.S. at 1949–50; *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Doing so, we find that her complaint states a claim upon which relief can be granted.

Accordingly, we deny Defendants' motion to dismiss. For clarity we note that although DeMarco alleges class and collective actions, she has not yet moved for certification, and we express no opinion on her likelihood of success should she do so. It is so ordered.