IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER DEMARCO, an individual, on behalf of herself and others similarly situated, </br></br> Plaintiff, </br></br> v. </br></br> NORTHWESTERN MEMORIAL HEALTHCARE and NORTHWESTERN MEMORIAL HOSPITAL, </br></br> Defendants. | Case No.: 1:10-cv-00397 </br></br> Judge Feinerman |

**STIPULATION AND PROTECTIVE ORDER GOVERNING**
**THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

Plaintiff Jennifer DeMarco ("Plaintiff") and Defendants Northwestern Memorial Healthcare and Northwestern Memorial Hospital ("Defendants") (collectively, the "Parties") in the above-captioned action may seek discovery or documents, information, or other materials that may contain non-public, confidential, competitively-sensitive, or proprietary information of another party or of a third party.

The Parties wish to ensure that confidential information shall be used only for the purposes of this action and shall not be disclosed or used in any other way. The Parties have stipulated and agreed to the terms, and jointly moved this Court for entry of the following Protective Order, and the Court finds that, in light of the nature of the non-public, confidential, competitively-sensitive, proprietary information that may be sought in discovery, good cause exists for entry of the Protective Order.

IT IS ORDERED that this Protective Order ("Order") shall be entered and limit the disclosure and use of certain discovered information in the above-captioned action (the "Litigation") as hereinafter provided:

1. <u>Scope</u>

    a. This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during discovery in this Litigation whether revealed in a document, deposition, other testimony, discovery response or otherwise ("Discovery Material"), by any party in this Litigation (the "Producing Party") to any other party (the "Receiving Party") when the same is designated using the procedures set forth herein. This Order is binding upon the Parties to the Litigation, as well as their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order.

    b. Any Producing Party shall have the right to identify and designate as "Confidential" any document or other material it produces or provides, or any testimony it gives in this proceeding, which it believes in good faith constitutes, reflects or discloses its confidential and proprietary information, including: (i) Defendants' financial data, marketing and advertising data or plans, strategic or long-range plans, or internal cost, wage, salary, compensation, recruiting and retention data; (ii) non-public private information relating to individuals, such as employee names, Social Security numbers, home addresses and/or telephone numbers, or other personal, sensitive information relating to individuals, such as information that would reveal the medical condition of any individual, including any patient information or HIPAA-protected information;[1] (iii) personnel files and other private information relating to employees' employment (*e.g.*, performance evaluations, promotion and demotion information, compensation information, etc.); (iv) trade secrets or other non-public, proprietary

---

[1] Any Producing Party may redact specific portions of documents or information which contain patient information or HIPAA-protected information.

2

information; and (v) other information understood to be confidential pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Confidential Information").

   c. Any party to this Litigation and any third party may designate as Confidential documents or information produced by another party if that Discovery Material (i) either originated from the designating party or third party (or were generated on the designating or third party's behalf), and (ii) and the third party agreed to treat that Discovery Material as confidential, in which case the designating party shall be deemed a Producing Party for purposes of this Order.

  2. <u>Designation of Confidentiality</u>

Documents or information may be designated "Confidential" in the following ways:

   a. A Producing Party shall, if appropriate, designate specific documents as "Confidential" by marking the first page and each subsequent page of the document containing any Confidential Information with the legend "CONFIDENTIAL." All documents produced or disclosed during discovery in this Litigation shall, if practicable, be identified by Bates number and, to the extent practicable, the appropriate designation shall be placed near the Bates number.

   b. A Producing Party shall, if appropriate, designate interrogatory answers and responses to requests for admissions as "Confidential" by marking the first page and each page of interrogatory answers or responses to requests for admission containing Confidential Information with the legend: "CONFIDENTIAL."

   c. In the case of depositions and the information contained in depositions (including exhibits), counsel for a party or witness shall designate portions of

3

the transcript (including exhibits) which contain Confidential Information as "Confidential" by making a statement to such effect on the record in the course of the deposition or by letter within 14 calendar days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as "Confidential" under this Order until the expiration of the 14-day period for designation. As appropriate, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information : "CONFIDENTIAL." If all or part of a videotaped deposition is designated as "Confidential," the video container shall be labeled with the legend "CONFIDENTIAL." When a deposition transcript contains Confidential Information, the Producing Party shall request the stenographic reporter to separate those portions of the transcript containing Confidential Information and bind them separately from the non-confidential portions.

    d. To the extent that any Receiving Party or counsel for the Receiving Party creates, develops, or otherwise establishes or maintains for review on any electronic system information designated "Confidential," that party and/or its counsel must take all necessary steps to insure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information, and will affix to any media containing such information a label with the legend as provided for in paragraph 2(a) above.

   3. <u>Filing of Confidential Information</u>

All documents and materials containing Confidential Information that are filed with the Court shall be filed under seal. A party seeking to file documents and materials with the Court

4

under seal must obtain leave of Court before doing so, pursuant to Local Rules 5.8 and 26.2. Where possible, only Confidential portions of filings with the Court shall be filed under seal. A party filing documents under seal will follow the procedures described in Local Rules 5.8 and 26.2.

    4.    <u>Use of Confidential Information</u>

    a.    Confidential Information shall not be used by any person, other than the Producing Party, for any purpose other than conducting this Litigation, and in no event shall Confidential Information be used for any business, competitive, personal, private, public, organizational or other labor or employee relations purpose.

    b.    Notwithstanding the foregoing, nothing in this Order shall be deemed to limit or restrict any Producing Party from using its own documents or its own Confidential Information for any purpose or from authorizing any such use. The Producing Party may withdraw or modify any designation.

    5.    <u>Disclosure of Confidential Information</u>

Access to information designated as "Confidential" pursuant to this Order shall be limited to:

    a.    The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel), recording, taking or transcribing testimony and argument at any deposition, hearing, trial or appeal in this Litigation;

    b.    Special masters and mediators or other individuals engaged or consulted in settlement of the Litigation;

    c.    Outside counsel of record for the Parties in this Litigation

(including members or associates of such counsel's firm) or in-house counsel for the Parties, as well as their paralegal, investigative, secretarial, and clerical personnel who are engaged in assisting such counsel in this Litigation;

      d.      Outside photocopying, data processing, or graphic production services employed by the Parties or their counsel of record to assist in this Litigation;

      e.      Any individual expert or expert consulting firm retained by counsel of record in connection with this Litigation to the extent necessary for that individual expert or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Litigation, provided, however, that (i) such disclosure shall be made only to an individual expert, or to such members, partners, employees or agents of an expert consulting firm as such expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (ii) the individual expert or Designated Expert Personnel shall use the information solely in connection with this Litigation; (iii) the individual and/or a representative of each expert consulting firm shall sign the written assurance attached on Exhibit A on behalf of themselves and any Designated Expert Personnel associated with that firm. Notwithstanding the foregoing, no access to information designated Confidential shall be provided to any individual expert or any Designated Expert Personnel who is (a) a current or former (within the past year from the date of this Order) employee of any party or any entity which directly or through a parent, subsidiary, principal, agent, or affiliate competes with Defendants, or (b) an employee of, affiliated with, or counsel (in-house or outside) to any labor organization. Further, no access shall be permitted unless the

individual expert and each of the Designated Expert Personnel first agrees in writing not to become an employee of, consultant to, affiliated with, or counsel, in-house or outside, to a labor organization or competitor before the later of (a) two (2) years from the date that the expert or Designated Expert Personnel last receives Confidential Information or (b) during the pendency of this Litigation. If a party desires to provide access to information designated Confidential to a retained expert or Designated Expert personnel who does not satisfy the provisions of Paragraph 5.e.(a) or refuses to agree to the provisions of Paragraph 5.e.(b), then the party desiring to provide such access shall give written notice to the Producing Party. The Producing Party and the party giving notice will then meet and confer within three business days of the date that notice is received. If they are unable to reach agreement, then the party desiring to provide access to Confidential materials to such expert or Designated Expert Personnel may give notice to the Producing Party that impasse has been reached with respect to this issue. In that event this restriction on the experts or Designated Expert Personnel who may be provided with access to Confidential Information shall be deemed null and void as of the date that notice of impasse is received. Within five business days of receipt of the notice of impasse, the Producing Party may file a motion with the Court to obtain a protective order. No materials marked Confidential shall be shown to the expert or Designated Expert Personnel during the five-day period, and if a motion is filed within that five day period, no such materials shall be shown to the expert or Designated Expert Personnel until after the Court rules on the motion for a protective order and then access shall be provided only consistent with the terms of the Court's ruling, if at all;

    f. (i) Any named Plaintiff in this case, but only during such time as he or she remains a Plaintiff in this case; (ii) if the Court enters an order granting collective or conditional collective action treatment of this case, those persons who, in accordance with applicable procedures properly "opt-in" to the case, but only during such time that they have opt-in" status; and (iii) any employee of Defendants, or any affiliated company of any of them to whom an authorized representative of Defendants choose to disclose such information;

    g. Any person not described in Paragraph 5(f) who (i) authored or is listed as a recipient of the particular material sought to be disclosed to that person; (ii) is currently employed by the Producing Party, but only as to Confidential Information to which the employee is lawfully entitled to have access in connection with his or her employment; (iii) was formerly employed by the Producing Party, but only as to specific material to which the person had access during his/her employment or (iv) is referred to in the Discovery Material, but only as to the specific Discovery Material in which such person is referenced, discussed, or mentioned;

    h. Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure or the Court directs should have access; and

    i. Any witness called either at trial or at deposition by either party, provided the witness has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A.

  6. <u>Notification of Protective Order</u>

    a. Confidential Information shall not be disclosed, described or otherwise made available to an individual expert or expert consulting firm described in

Paragraphs 5(e), unless that expert or firm has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A. The originals of such Agreement shall be maintained by counsel for the party who obtained them until the final resolution of this Litigation and shall be produced to the other party at the time the party produces its expert reports and responds to expert discovery. This prohibition includes disclosure of the actual confidential material or the information contained in the material, including, but not limited to, any disclosure by counsel or experts.

   b. Confidential Information shall not be disclosed to persons who are non-parties pursuant to 5(b) and 5(g)(i), (ii), (iii) and (iv) unless (1) such persons are first provided with a copy of this Order and (2) disclosing counsel first advises them that they are bound by the provisions of this Order.

  7. <u>Use of Confidential Information in Court</u>

   a. If any Receiving Party plans to utilize any Confidential Information at a court hearing, that Receiving Party will use reasonable efforts to inform the Producing Party of its intent to use such information at least twenty-four (24) hours in advance of the hearing. If no such advance notice is given, the Receiving Party will provide the Producing Party with an opportunity to approach the Court in confidence, whether in chambers or sidebar or such other method as the Court shall direct, regarding the use of the Confidential Information before reference is made to any such Confidential Information on the record.

   b. In the event that any information designated as "Confidential" is used in any Court proceeding in this Litigation or any appeal, it shall not lose its status as Confidential.

    c.  The rules governing the use of Confidential Information at trial shall be determined at a future date.

    8.  <u>Objections to Confidential Designations</u>

  A party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event a party objects to the designation of any material under this Order, the objecting party shall state its objections in a letter to counsel for the designating party in this Litigation, whereupon, the interested parties shall meet and confer in an attempt to resolve any objection. If the objection is not resolved within fourteen (14) days of transmission of that letter, the party objecting to the Confidential designation may ask the Court for an Order removing the designation with respect to the challenged discovery materials. If such a request is made, the Producing Party has the burden of establishing that the designation is proper. If no such request is made, the material will retain its designation. If the Producing Party agrees to change the designation, the Producing Party shall send a written notice of the change in designation to all other parties. Any documents or other materials that have been designated "Confidential" shall be treated in the manner designated until such time as the Court rules that they should not be treated as "Confidential" or the Producing Party agrees to change the designation.

    9.  <u>Preservation of Rights and Privileges</u>

  Nothing contained in this Order shall affect the right, if any, of any party or witness to make any type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any right to withhold any Confidential Information as attorney work product or based on a legally

cognizable privilege, or of any right which any party may have to assert such privilege at any stage of this Litigation.

      10.    <u>Return or Destruction of Materials</u>

Within sixty (60) business days after the final resolution of this Litigation, a Receiving Party shall return all Confidential Information to counsel for the Producing Party or, in lieu thereof, the Receiving Party shall certify in writing that it has been destroyed. Counsel shall be entitled to retain pleadings and the exhibits thereto, affidavits, motions, briefs, or other papers filed with the Court, even if they contain Confidential Information, so long as they are clearly marked to reflect that they contain information subject to this Order.

      11.    <u>Correction of Designation and Clawback</u>

      a.    A Producing Party that fails to designate Discovery Material as "Confidential" at the time of its production, or fails to designate portions of a transcript within 21 days after a receipt of a transcript as provided in Paragraph 2(c), shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of Discovery Material, appropriately designated. Upon receipt of a notice of correction, the Receiving Party shall place the appropriate marking on the document to reflect its altered confidentiality status and certify that the original and all copies of the document have been appropriately marked. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

     b.  A Producing Party that inadvertently produces any document or other information during discovery in this Litigation that the Producing Party has a good-faith reason to believe is privileged under the attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such document or information.  Upon receipt of a written request for return by the inadvertently Producing Party, the Receiving Party shall return the original and all copies of the documents within thirty (30) days of the request, and shall not use the information for any purpose except upon further order of the Court, or (b) object to the request as described below.  In the event the Receiving Party objects to the return of the document, the Receiving Party shall move the Court for an order as to whether the production was inadvertent or whether the document or information is otherwise privileged or protected from discovery.  Access to all materials related to the inadvertently produced documents or information, and motion, shall be limited to those persons identified in Paragraph 5.c. of this Order, unless otherwise ordered by the Court. If such a motion is made within thirty (30) days of receiving the notice from the Producing Party of its claim of inadvertent production, the Receiving Party may retain the produced document or information until the Court resolves the motion.  However, the Receiving Party shall not use the document or information for any purpose other than the motion except upon further order of the Court.  If no such motion is made within thirty (30) days, the document or information and all copies shall be returned to the Producing Party and the Receiving Party will not be entitled to retain the document or information in any way.  Failure to move within thirty (30) days shall not be deemed a waiver of such objection nor preclude subsequent motion by the Receiving Party.  If the Receiving Party

disclosed the document or information before being notified, it must notify the Producing Party as to the manner in which the material was disclosed and to whom, and certify in writing that it has requested the return of the document or information. If no motion is made by the Receiving Party for an order as to whether the production was inadvertent then this order shall constitute an order that the privilege or production is not waived within the meaning of Federal Rule of Evidence 502(d). Also, this order incorporates the agreement of the Parties within the meaning of Federal Rule of Evidence 502(e). If a Receiving Party receives documents or information from a Producing Party which appear to contain information which may be privileged under the attorney-client or other privilege, or protected from discovery as work product, the Receiving Party shall promptly so notify the Producing Party in writing and provide the Producing Party with a description of the documents or other information. Within five (5) business days of receipt of such notice, the Producing Party shall notify the Receiving Party whether the documents or other information are privileged or subject to the work product doctrine and, if so, whether their production was inadvertent.

      c.      If Confidential Information is disclosed by a Receiving Party to anyone other than in a manner authorized by this Order, the Receiving Party responsible for that disclosure must immediately bring all pertinent facts related to that disclosure to the attention of the Producing Party of the Confidential Information and make every reasonable effort to retrieve that Confidential Information and to prevent further disclosure.

12. <u>Limitation on Scope of this Order</u>

The restrictions in this Order shall not apply to documents or information that are publicly available or that are obtained independently by the Receiving Party from a person lawfully in possession of those documents.

13. <u>No Admission</u>

A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

14. <u>Duty to Notify of Receipt of Subpoena</u>

If any Receiving Party receives a subpoena for documents subject to this Order, the person subpoenaed must inform the subpoena's issuer of this Order, provide the subpoena's issuer with the copy of the Order, and give the Producing Party notice of the subpoena within three (3) business days after its receipt and before it produces any documents in response to the subpoena, so that the Producing Party has an opportunity to object prior to the production of any responsive material.

15. <u>Application of this Order to Non-Parties</u>

This Order shall apply to non-parties who provide discovery, by deposition, production of documents or otherwise, in this Litigation, if said non-party requests the protection of this Order as to its Confidential Information and complies with the provisions of this Order.

16. <u>Continuing Force of this Order</u>

Upon final resolution of this Litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this Litigation for enforcement of the provisions of this Order following the final resolution of this Litigation.

17. <u>Confidential Designations Prior to the Entry of this Order</u>

Until this Order is entered by the Court, any Discovery Material designated as Confidential Information that is produced in this litigation shall be protected from disclosure pursuant to the terms of this Order as if ordered by the Court. If any actions subject to this Order are transferred to another Court, the terms of this Order shall remain in full force and effect unless modified by written agreement of all Parties or order of the Court.

18. <u>Modification of Order</u>

This Order is binding on all Parties to this Litigation and on all non-parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court.

Nothing in this Order shall prevent a Producing Party from seeking further, greater or lesser protection with respect to the use of any Confidential Information, or seeking to prevent Confidential Information from being provided to persons described in paragraphs 5 and 6 of this Order.

19. <u>Applicability to Future Actions</u>

The terms of this Order shall be binding upon all current and future parties, including any "opt-ins," to this Litigation and their counsel.

Dated: 1/21/2011

IT IS SO ORDERED:

_____
United States District Judge

15

# **EXHIBIT A**

I hereby certify (i) my understanding that Discovery Material containing Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Order") entered in *DeMarco v. Northwestern Memorial Healthcare and Northwestern Memorial Hospital,* United States District Court for the Northern District of Illinois, Civil Action No. 1:10-cv-00397 and (ii) that I have received and read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court.

Dated: _____  Signature: _____

Name: _____

Address: _____