**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER DEMARCO, an individual, on behalf of herself and all others similarly situated, | ) ) ) ) | Civil Action No.: 10-cv-397 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Tharp |
| NORTHWESTERN MEMORIAL HEALTHCARE and NORTHWESTERN MEMORIAL HOSPITAL, | ) ) ) ) | *ELECTRONICALLY FILED* |
| Defendants. | ) ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS 31 OPT-IN PLAINTIFFS AND TO COMPEL**

NOW COMES Plaintiff, Jennifer Demarco ("Plaintiff"), by and through her undersigned counsel, on behalf of herself and others similarly situated, and respectfully submits the within Response in Opposition to Defendant's Motion to Dismiss 31 Opt-In Plaintiffs and to Compel, stating in support thereof as follows:

I.    **INTRODUCTION**

The plaintiffs in the instant litigation are employees or former employees of Defendant Northwestern Memorial Hospital ("Defendant"). This case was filed as a class action on January 20, 2010 alleging, *inter alia*, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*  *See* Document No. 1. On or about August 9, 2011, the Court conditionally certified a class consisting of all non-exempt, hourly-compensated direct patient care providers employed by Defendant within the three years preceding the sending of Notice. *See* Document No. 81. The

plaintiffs include named Plaintiff Jennifer Demarco and one hundred and thirty-nine opt-in plaintiffs (collectively the "Plaintiffs"). The deadline for class and collective action discovery in this case is currently June 29, 2012. *See* Document 120. The matter has not yet been set for trial.

In January, 2012, Defendant served the opt-in plaintiffs with written discovery requests, including interrogatories and requests for production of documents. In March, 2012, the Plaintiffs served responses for sixty-four individuals. Plaintiff's counsel notified counsel for Defendant they were still in the process of coordinating discovery responses for the remaining opt-ins. Indeed, in April and May of 2012, the Plaintiffs provided written discovery responses for an additional twenty-six opt-ins. To date, the Plaintiffs have also produced one thousand two hundred and eighty-seven pages of Bates-labeled documents. However, despite their best efforts to communicate with and diligently pursue responses from opt-in plaintiffs, Plaintiff's counsel has not yet received answers to interrogatories or responses to requests for production from approximately thirty-one individuals, and is awaiting verifications for answers to interrogatories from roughly thirty-three persons.[1]

Although Plaintiff's efforts to gather and submit outstanding written discovery responses from the opt-in class members are ongoing, on or about May 30, 2012, Defendant filed a Motion to Dismiss 31 Opt-In Plaintiffs and to Compel, seeking an order: (1) dismissing with prejudice thirty-one opt-in plaintiffs who have not yet provided responses to Defendant's written discovery requests; (2) compelling thirty-three opt-in plaintiffs, within fourteen days, to provide

---

[1] Counsel for Plaintiff has continued to receive additional signed verification forms and written discovery responses from the opt-in plaintiffs. Additionally, some of the individuals referenced by Defendant as being non-responsive are subject to a stipulated dismissal. As such, the precise number of non-responsive opt-ins is actually less than the number cited by Defendant in its motion.

verifications for their interrogatory answers; (3) compelling eighty-nine opt-in plaintiffs, within fourteen days, to provide additional documents responsive to Defendant's written discovery requests; and (4) compelling eighty-nine opt-in plaintiffs to provide supplemental discovery responses to correct alleged substantive deficiencies in their previously submitted responses. *See* Document 129.

For the reasons set forth more fully below, Plaintiff opposes Defendant's motion and asks this Court to enter an order denying it. More specifically, Plaintiff requests that the Court: (1) deny Defendant's motion to dismiss with prejudice those opt-in plaintiffs who have not yet provided responses to Defendant's written discovery requests; (2) allow counsel for Plaintiff forty-five days to provide verifications for those opt-in plaintiffs who have not yet submitted the same; (3) allow counsel for Plaintiff forty-five days to provide any additional non-privileged documentation in the opt-in plaintiffs' possession, custody, or control which is responsive to Defendant's written discovery requests; and (4) deny Defendant's motion to compel supplemental discovery responses to correct alleged substantive deficiencies.

## II.    ARGUMENT

### A.    The Court Should Deny The Motion To Dismiss Opt-In Plaintiffs Who Have Not Yet Provided Written Discovery Responses

In its motion, Defendant contends that the thirty-one opt-in plaintiffs who have not yet provided written discovery responses should be dismissed from this action with prejudice. At this stage of the litigation, however, dismissal is not warranted, and the imposition of this ultimate sanction is contrary to the applicable law.

Although Federal Rule of Civil Procedure 37(b)(2) authorizes courts to impose a variety of sanctions up to and including dismissal where a party "fails to obey an order to provide or

permit discovery," the Court of Appeals for the Seventh Circuit has recurrently cautioned that dismissal is an exceedingly harsh sanction, and its use should be limited to only extreme situations. *See, e.g., Maynard v. Nygren*, 332 F.3d 462 (7th Cir. 2003); *Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997). Moreover, decisional authority from the Seventh Circuit on the weight of evidence necessary to support dismissal as a discovery sanction easily corroborates Plaintiff's position that dismissal in this case is neither an appropriate nor a proportionate sanction; indeed, the Circuit Court has described dismissal, of all possible sanctions, as "draconian." *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 223-24 (7th Cir. 1992).

There are two different standards for determining whether a case can properly be dismissed. Some cases have held that actions can be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998); *Schilling v. Walworth County Park & Planning Com'n*, 805 F.2d 272, 278 (7th Cir. 1986). This is the standard used pursuant to Federal Rule of Civil Procedure 41(b) when cases are dismissed for want of prosecution or failure to comply with orders of the court.

However, a slightly different requirement – a finding of "willfulness, bad faith or fault" – comes into play when dismissals are used as a discovery sanction under Rule 37.[2] *See, e.g., In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997); *cf. In re Rimsat, Ltd.*, 212 F.3d 1039, 1046-47 (7th Cir. 2000) (requiring a finding of

---

[2] In *Ladien v. Astrachan*, 128 F.3d 1051, 1056 n. 5 (7th Cir. 1997), the Circuit Court noted that the overlap between Rules 41(b) and 37(b), both of which cover failures to comply with orders of the court, and the slightly different requirements for justifying dismissal under each rule, pose a conflict. While this question is not before the Court in resolving Defendant's instant motion, which alleges a Rule 37(c) violation only, Plaintiff assumes that Rule 37(b), as the more specific provision, would apply when discovery orders are at issue. *But see Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) ("The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same").

4

bad faith when a district court dismisses a case under the inherent powers of the court). Thus, even without "a clear record of delay, contumacious conduct or prior failed sanctions," a court can apply the sanction of dismissal for Rule 37 violations with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate. *See Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000); *Schilling*, 805 F.2d at 278 ("When a clear record of delay, contumacious conduct, or prior failed sanctions does not exist, the exercise of judicial discretion requires that the district court consider and explain the inappropriateness of lesser sanctions."); *Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1478-79 (D.C. Cir. 1995) (requiring that courts provide a "specific, reasoned explanation for rejecting lesser sanctions" and collecting cases requiring same).

When determining whether a party has acted with "willfulness, bad faith or fault," rather than a simple inability to comply, and should be sanctioned for discovery violations, a district court should consider prejudice to the defendant, the likelihood of disruption to the trial, and lesser sanctions that could cure any asserted prejudice. *See Robinson v. Champaign Unit 4 Sch. Dist.*, 2011 U.S. App. LEXIS 4686, No. 10-3351, (7th Cir. Mar. 8, 2011). *see also see also Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (applying similar factors); *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir.1998) (same).

With respect to the burden of proof necessary to sustain a dismissal, under Rule 41(b), the record of delay, contumacious conduct or prior failed sanctions must be "clear." *Williams*, 155 F.3d at 857. A sister court within this District has previously determined that there is a similar requirement for the evidence supporting a finding of willfulness, bad faith or fault pursuant to Rule 37. *See Danis v. USN Communications, Inc.*, 2000 WL 1694325, at *34, No. 98-C-7482, 2000 U.S. Dist. LEXIS 16900, at *103 (N.D. Ill. Oct. 23, 2000) (following

*Shepherd*, 62 F.3d at 1472, 1477, and applying a clear and convincing evidence standard).

Shortly thereafter, the Seventh Circuit confirmed its agreement with this Court's reasoning:

"considering the severe and punitive nature of dismissal as a discovery sanction, a court must

have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case."

*Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003)[3], *citing Shepherd*, 62 F.3d at 1476-77.

      In light of the above-referenced legal standards, it is clear that the dismissal of opt-in

plaintiffs is inappropriate at this juncture, as Defendant has presented no evidence of willfulness,

bad faith or fault – in any event, certainly not "clear and convincing" evidence of such conduct.

An examination of the factors enumerated by the Seventh Circuit in *Robinson* relative to the

facts and circumstances of this case demonstrates that, despite Defendant's view to the contrary,

none of the factors here weigh in favor of dismissal.

      First, it appears that the degree of actual prejudice to Defendant is minimal at best.

Although Defendant purportedly requires the requested written discovery responses in order to

identify appropriate deponents, at this point in time, there has been no *actual* prejudice to

Defendant because the discovery deadline has not yet elapsed.  Moreover, this concern could

easily be resolved by a modest enlargement of the discovery period.  With respect to the second

factor, there have been no previous extensions of the initial discovery period, and no formal

discovery orders have been violated.  Thus, there has been limited interference with the judicial

process.   Finally, far less punitive measures than dismissal are available to remedy the concerns

raised by Defendant.  The simple provision of additional time for Plaintiff's counsel to gather the

---

[3]Despite having had the opportunity to do so, the Seventh Circuit has declined to overrule *Maynard's* heightened standard of "clear and convincing."  *Ridge Chrysler Jeep, LLC v. Daimlerchrysler Fin. Serv. Americas LLC,* 516 F.3d 623, 626 (7th Cir. 2008).  Even under a lesser standard Defendant's Motion should be denied because Defendant has failed to show dismissal is warranted even by a preponderance of the evidence.

requested information and documentation from the opt-in plaintiffs, along with a corresponding extension of the discovery period and perhaps a court-issued notification of the need for immediate action on the part of less responsive opt-ins, would be sufficient to effectively resolve most, if not all, of the issues raised by Defendant in its motion.

Further, the Seventh Circuit also considers whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance – here, no prior warning has been issued. *See, e.g. Aura Lamp & Lighting, Inc. v. International Trading Corp.* 325 F.3d 903, 904-906 (7th Cir. 2003) (finding dismissal warranted where plaintiff received several extensions and a warning that dismissal was impending).[4] In fact, to date, the only "warning" that the opt-in plaintiffs have received was the explanation contained in the stipulated Notice advising them that they could be subject to written and oral discovery. *See* Document 85, Ex. 1. Consequently, Defendant's premature motion to dismiss those opt-in plaintiffs who have not yet provided responses to its written discovery requests from this action should be denied.[5]

---

[4] Dismissal is not appropriate where the defendant has not previously sought to specifically place the allegedly tardy opt-in plaintiffs on notice regarding the possibility of dismissal. For example, in *Craig v. Rite Aid Corp.*, the court issued an order specifically placing the non-compliant opt-in plaintiffs on notice of the potential consequences of their failure to participate in the discovery process prior to ruling on a motion to dismiss for failure to participate in discovery. *Craig v. Rite Aid Corp.*, No. 08-cv-2317, 2011 U.S. Dist. LEXIS 153670, *19-20 (M.D. Pa. Nov. 8, 2011). As the *Craig* court aptly noted, "when presented with motions to dismiss specific FLSA putative plaintiffs for failure to comply with discovery demands, the better practice is to first provide the allegedly non-compliant plaintiffs with express written notice that the consequence of their noncompliance may be dismissal of their claims." *Craig*, 2011 U.S. Dist. LEXIS 153670, *26-27 (collecting cases).

[5] Indeed, in a directly analogous situation, the District Court for the Eastern District of Michigan recently denied a similar Motion to Dismiss opt-in plaintiffs from a collective action for failing to provide dates for depositions. *See Cook v. St. John Health*, No. 10-10016 (E.D. Mi. June 5, 2012) (Order Regarding May 17, 2012 Hearing, D.E. 113) (Attached hereto as **Exhibit A**).

**B.** **Plaintiff Should Be Permitted Additional Time To Gather Signed
Verification Forms And Responsive Documents From The Opt-In Plaintiffs**

With respect to the second and third sections of Defendant's argument, Plaintiff does not
contest that verifications for interrogatory responses and non-privileged responsive
documentation in the possession and control of the opt-in plaintiffs must be provided. However,
for the reasons set forth immediately above, Plaintiff respectfully requests that the Court permit
counsel an additional forty-five days to provide verifications for those opt-in plaintiffs who have
not yet submitted the same, as well as to provide any additional documentation in the opt-in
plaintiffs' possession, custody, or control which is responsive to Defendant's written discovery
requests.

**C.** **Defendant's Motion To Compel Supplemental Discovery Responses To
Correct Alleged Substantive Deficiencies Should Be Denied**

**1.** *Applicable Discovery Standards*

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery
regarding any matter, not privileged, which is relevant to the subject matter involved in the
pending action…. The information sought need not be admissible at the trial if the information
sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R.
Civ. P. 26(b)(1). While it is true that relevance in discovery is more expansive than that required
for admissibility at trial, "the object of inquiry must have some evidentiary value before an order
to compel disclosure of otherwise inadmissible material will issue." *Baxter Int'l Inc. v. Cobe
Labs., Inc.*, No. 89-c-9460, 1992 WL 211075, at *2 (N.D. Ill. Aug. 24, 1992); *Cadillac Ins. Co.
v. American Nat'l Bank of Schiller Park*, Nos. 89-c-3267, 91-c-1188, 1992 WL 58786, at *4
(N.D. Ill. Mar. 12, 1992).

Moreover, the scope of discovery is generally limited to information "which is relevant to the subject matter involved in the pending action." *National Paint & Coatings Ass'n v. City of Chicago*, 147 F.R.D. 184, 185 (N.D. Ill. 1993), *citing* Fed. R. Civ. P. 26(b)(1); *see also Sykes v. Target Stores*, No. 00-c-5112, 2002 WL 554505, at *3 (N.D. Ill. Apr. 15, 2002) ("requested discovery must be tied to the particular claims at issue in the case"); 8 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE CIVIL 2d § 2008, pp. 105–06 (1994) ("no one would suggest that discovery should be allowed of information that has no conceivable bearing on the case"). Indeed, the legal tenet that relevancy in the discovery context is broader than in the context of admissibility "should not be misapplied so as to allow fishing expeditions in discovery." *United States v. Lake County Bd. of Com'rs*, No. 2:04-cv-415, 2006 WL 1660598, *1 (N.D. Ind. June 7, 2006), *quoting Zenith Electronics Corp. v. Exzec, Inc.*, No. 93-c-5041, 1998 WL 9181, *2 (N.D. Ill. Jan. 5, 1998).

As such, though generally adopting a liberal interpretation of the discovery rules in ruling on motions to compel discovery, the courts have correspondingly cautioned that the scope of discovery is not without limits. The Supreme Court itself has recognized that "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v.. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947). Thus, "[w]hile the standard of relevancy is a liberal one, it is not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." *In re Fontaine*, 402 F.Supp. 1219, 1221 (E.D.N.Y. 1975).

**2.** ***Defendant's Discovery Request Seeking Documentation Concerning The Opt-In Plaintiffs' Prior Litigation Experience Should Be Disallowed Because Such Information Is Not Relevant***

Defendant maintains that it is entitled to inquire into the opt-in plaintiffs' participation in other legal proceedings, including "any litigation, civil or criminal complaints, bankruptcy proceedings, grievances, or arbitrations" in which the opt-in class members were involved "as either a party or witness." *See* Request No. 17. According to Defendant, such request is "narrowly tailored to seek information relating to the Plaintiffs' prior litigation experience, which is relevant to their motivations in this case." Document 130 at p. 9. Simply put, Defendant's position is without merit. First, Request No. 17 is not "narrowly tailored" in any respect. To the contrary, the request is completely without limitation – temporal, subject matter, or otherwise. Second, and more significantly, the prior litigation experience of the opt-in class members is totally irrelevant to the claims at issue in the present litigation.

In fact, the Central District of Illinois recently disallowed a very similar discovery request on the basis of relevancy: "Plaintiff's interrogatories about … other lawsuits … are irrelevant to the claim and not reasonably calculated to lead to any relevant, admissible information. Prior lawsuits and complaints against Defendants are not relevant." *McCabe v. Phillips*, No. 08-cv-3091, 2012 WL 1571149, *1-2 (C.D. Ill. May 3, 2012); *see also Epstein v. American Reserve Corp.*, Nos. 79-c-4767, 80-c-6251, 81-c-1475, 1985 WL 2598, *4 (N.D. Ill. Sept. 18, 1985) ("plaintiffs cannot be ordered to provide additional information on their prior litigation").

Defendant's position has been rejected by other federal courts as well, frequently in the context of class litigation. For instance, in *Lewis v. Black*, 74 F.R.D. 1 (E.D.N.Y. 1975), the defendants moved to compel the plaintiff to answer certain deposition questions and to produce certain documents relating to their contention that the plaintiff was a "professional plaintiff" and,

therefore, unable to fairly and adequately represent the class. In denying the motion, the United States District Court for the Eastern District of New York concluded that "[i]nstigation of many other securities laws lawsuits cannot, of itself, disqualify plaintiff from bringing the present suit or acting as class representative therein, and so is not an area of relevant inquiry." *Id.* at 3; *see also Dorfman v. First Boston Corp.*, 62 F.R.D. 466, 473 (E.D. Pa. 1974) ("Neither the personality nor the motives of the plaintiffs is determinative of whether they will provide vigorous advocacy for the members of the class"); *First Amer. Corp. v. Foster*, 51 F.R.D. 248, 250 (N.D. Ga. 1970) ("the Court is interested in the adequacy of representation, and not the motive for such representation).

Thus, for the foregoing reasons, Defendant's motion to compel the production of information and documentation concerning the prior litigation experience of the opt-in plaintiffs should be denied.

### 3. *Defendant's Discovery Request Seeking Electronic Communications Sent Or Received By The Opt-In Plaintiffs During Work Time Should Be Disallowed Because It Is Not Relevant To The Subject Matter Of The Instant Litigation*

In Request No. 18, Defendant seeks all electronic communications, including but not limited to emails and text messages, sent or received by the opt-in plaintiffs during work hours. Defendant's claimed justification for this request is that "the question of how Plaintiffs spent alleged working time" is "a central issue in the case." Document 130 at p. 10. Not so. To the contrary, the central, and in fact the only, issue in this case is whether the plaintiffs were suffered or permitted to work unrecorded and uncompensated overtime during meal periods and after their scheduled shifts. Whether or not the plaintiffs engaged in any *de minimus* non-work-related activities during work time has no bearing whatsoever on the issue of whether Defendant's time

reporting system, which automatically deducts a thirty-minute meal break from prescribed shifts, is violative the FLSA and/or IMWL.

As such, the information sought by Request No. 18 has no conceivable bearing on the case and is precisely the type of "fishing expedition" rejected by this Court in *Zenith Electronics Corp. v. Exzec, Inc.*, No. 93-c-5041, 1998 WL 9181, *2 (N.D. Ill. Jan. 5, 1998). Therefore, Defendant's motion to compel the production of electronic communications to and from the opt-in plaintiffs should be denied.

**4. *Requests Nos. 19 And 22 Should Be Disallowed Because The Documentation Sought By Defendant Is Within Defendant's Possession, Custody Or Control***

In Request No. 19, Defendant asks for documentation identifying persons believed to possess information regarding the allegations in the Complaint. In Request No. 22, Defendant seeks documents regarding hours of work, job responsibilities, meal breaks, rest periods, and compensation. Such documentation is within the sole and exclusive possession, custody or control of Defendant. The opt-in plaintiffs obviously do not have access to, for instance, Defendant's payroll, personnel, or time-keeping systems, and therefore are unable to produce the requested documentation. Thus, on this basis, Defendant's motion to compel responses to Request Nos. 19 and 22 should be denied.

**5. *Request No. 23 Should Be Disallowed Because It Seeks Records Protected By The Attorney-Client Privilege And/Or Work Product Doctrine***

Defendant's Request No. 23 seeks documents reflecting communications between the named Plaintiff, the opt-in plaintiffs, and counsel concerning this lawsuit. Such communications obviously fall within the scope of protection offered by the attorney-client privilege and work

product doctrine and are not subject to disclosure. As such, Defendant's motion to compel documentation memorializing these interactions should be denied.

**6.** ***Request No. 24 Should Be Disallowed Because It Fails To Identify The Requested Documentation With Sufficient Particularity***

Under Federal Rule of Civil Procedure 34, a request for production of documents must describe the documents requested with "reasonable particularity." Fed. R. Civ. P. 34. Defendant's Request No. 24, which seeks "[a]ll documents or things not previously requested that support, refute, pertain or relate to, bear upon, or provide evidence concerning any of the allegations contained in the Complaint…" is beyond the scope of Rule 34 because it fails to identify the requested documents with reasonable particularity.

The test for reasonable particularity is whether the request places a party upon "reasonable notice of what is called for and what is not." *Bruggeman ex rel. Bruggeman v. Blagojevich*, 219 F.R.D. 430, 436 (N.D. Ill. 2004). Thus, the party requesting the production of documents must provide sufficient information to enable the party to whom the request is directed to identify responsive documents. *Id.*

Here, Defendant has requested all documents that relate "in any manner" to the allegations made in the Complaint. This request does not place the opt-in plaintiffs upon "reasonable notice of what is called for and what is not" because the language is overly-broad and extremely vague. *See, e.g., Pulsecard, Inc. v. Discover Card Servs., Inc.*, No. 94-2304-EEO, 1995 WL 526533, at *3 (D. Kan. 1995) (finding as overly-broad the terms "refer in any manner to" and "related in any manner to"). As a result, the opt-in plaintiffs cannot identify responsive documents. The language used requires the opt-in plaintiffs to ponder and to speculate in order to decide what is and what is not responsive. *See id.* Consequently, Defendant has failed to

13

phrase the request with reasonable particularity, and the motion to compel document production for Request No. 24 should be denied.

## III.    <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion to Dismiss 31 Opt-In Plaintiffs and to Compel be denied.


Dated: June 12, 2012


                              By:        */s/ Gary F. Lynch*
                                         Gary F. Lynch

                                         **CARLSON LYNCH LTD**
                                         36 N. Jefferson Street
                                         P.O. Box 7635
                                         New Castle, Pennsylvania  16107
                                         Telephone: (724) 656-1555
                                         Facsimile:  (724) 656-1556
                                         glynch@carlsonlynch.com

                                         Gerald D. Wells, III
                                         jwells@fauqilaw.com
                                         FARUQI & FARUQI, LLP
                                         101 Greenwood Avenue, Suite 600

Jenkintown, PA 19046
Telephone: (215) 277-5770
Facsimile: (215) 277-5771

Marvin Miller [Trial Attorney]
mmiller@millerlawllc.com
MILLER LAW LLC
115 South LaSalle St., Ste 2910
Chicago, IL 60603
Telephone: (312) 332-3400
Facsimile: (312) 676-2676

Matthew E. Van Tine
mvantine@millerlawllc.com
MILLER LAW LLC
115 South LaSalle St., Ste 2910
Chicago, IL 60603
Telephone: (312) 332-3400
Facsimile: (312) 676-2676

Michael L. Russell
mrussell@gilbertfirm.com
GILBERT RUSSELL McWHERTER PLC
101 North Highland Avenue
Jackson, TN 38301
Telephone: (731) 664-1340

*Attorneys for Plaintiff Jennifer DeMarco*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 12, 2012, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court. The document is available for viewing and downloading and will be served by operation of the Court's electronic filing system (CM/ECF) upon all counsel of record.


*/s/ Gary F. Lynch*
Gary F. Lynch