**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER DEMARCO, an individual, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 1:10-cv-00397 |
| NORTHWESTERN MEMORIAL HEALTHCARE and NORTHWESTERN MEMORIAL HOSPITAL, | ) ) ) ) | Judge Tharp |
| Defendants. | ) ) | |

**ORDER PRELIMINARILY APPROVING PROPOSED CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING PROPOSED CLASS NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

WHEREAS, application is made for an order preliminarily approving the Parties' Settlement of this Class Action Litigation as stated in the Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement of the Class Action Litigation and for dismissal of the Class Action Litigation;

WHEREAS, the Court has considered the Settlement Agreement, the exhibits attached thereto, and the briefing submitted in support of preliminary approval of the Settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Class Action Settlement Agreement and the Settlement set forth therein as being a fair, reasonable and adequate compromise of a *bona fide* dispute over the application of the provisions of the Fair Labor Standards Act and Illinois wage-hour law. The Settlement Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with

the legal and factual issues of this case in particular. These negotiations were facilitated at a day-long mediation by the Honorable Morton Denlow, a former federal magistrate judge and highly-regarded mediator.

2.     The Court has considered the pleadings and arguments made by the Parties in support of the motion for preliminary settlement approval and finds that the proposed Settlement Class is proper and should be provisionally certified. Solely for purposes of the proposed Settlement, the following Settlement Class is hereby provisionally certified under Federal Rule Civil Procedure 23 as follows:

> "All persons employed (within the three years preceding the sending of notice) by NMH on a non-exempt, hourly-compensated basis as direct patient care providers, who were not covered by a collective bargaining agreement with NMH who worked in Illinois at any time between January 20, 2007 and October 24, 2012, and who is not an FLSA Opt-In Plaintiff (the "IMWL Class")."

3.     Solely for purposes of settlement, the Court finds: (1) the IMWL Settlement Class is so numerous that joinder is impracticable; (2) questions of law and fact are common to the IMWL Settlement Class; (3) the claims of the representative Plaintiff Jennifer DeMarco, are typical of the claims of the Settlement Class; and (4) the Named Plaintiff, as representative, will fairly and adequately protect the interests of the IMWL Settlement Class. Further, for purposes of settlement only, the Court finds that the proposed IMWL Settlement Class meets the predominance and superiority requirements of FRCP 23(b)(3). Certification of the IMWL Settlement Class for settlement purposes is the best means for protecting the interests of all of the IMWL Class Members. The Court also finds that the resolution of the claims of the FLSA Opt-In Plaintiffs, and the consideration provided for the release of FLSA rights from the FLSA Opt-In Plaintiffs and all members of the Settlement Class who will make claims under this Settlement Agreement, is a fair and reasonable compromise of a *bona fide* dispute over the payment of overtime pay under the FLSA.

4.　　　Solely for purposes of the proposed Settlement, the Court preliminarily approves Gary Lynch, Bruce Carlson, and Sunshine Fellows of Carlson Lynch Ltd; Gerald Wells of Faruqi & Faruqi, LLP; and Marvin Miller and Matthew Van Tine of Miller Law LLC as Class Counsel. The Court also hereby preliminarily approves Jennifer DeMarco as the Class Representative.

5.　　　A hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on September 24, 2013, at 9:30 a.m., in Courtroom 1419 of the U.S. District Court, 219 S. Dearborn, Chicago, Illinois.　At the hearing, the Court will hear arguments concerning whether the proposed Settlement of the Class Action Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court.　The Court will also consider Class Counsel's request for an award of attorneys' fees and costs and an incentive award payable to the Named Plaintiff Jennifer DeMarco.

6.　　　The Court approves, as to form and content, the Notices of Class Action, both long and short forms ("Class Notice"), and Claim and Exclusion Form, as attached hereto, and finds that the distribution of the Class Notice substantially in the manner set forth in Paragraph 7 of this Order meets the requirements of federal law and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all individuals entitled thereto.

7.　　　The Court approves the appointment of Rust Consulting, Inc., as the Settlement Administrator. The Settlement Administrator shall supervise and administer the Class Notice procedure as more fully set forth in paragraph VI of the Settlement Agreement.　　The Settlement Administrator and Class Counsel shall take reasonable steps to locate Settlement Class members as more fully set forth in the Settlement Agreement.

8.      Pursuant to the terms of the Parties' Settlement Agreement and the formulas set forth therein, the Settlement Administrator shall determine the sum of the payments that may be received by members of the Settlement Classes who timely submit a Claim Form.   The Settlement Administrator shall furnish the Parties' respective counsel with an accounting of all claims and settlement payments due.  At least seven (7) days before the Final Approval Hearing, Class Counsel shall file with the Court a declaration from the Settlement Administrator detailing this information and setting forth its due diligence with respect to its duties pursuant to the Settlement Agreement and proof of mailing with regard to the mailing of the Class Notice.

9.      All Class Members who fail to exercise their right to Opt-Out of the Settlement Class shall be bound by all determinations and judgments in the Class Action Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

10.      All Class Members who wish to receive settlement proceeds must complete and mail the Claim Form to the Settlement Administrator no later than the Claim Deadline, as specified in the Settlement Agreement.  Any Class Member who does not submit a timely and materially complete Claim Form will not receive a Settlement Payment.

11.      All Class Members objecting to the terms of the Settlement must do so in writing no later than the Claim Deadline.  The written objection must be sent to the Settlement Administrator and postmarked on or before this date.

12.      Any Class Member who wishes to be excluded (Opt-Out) from the Settlement Class and not participate in the proposed Settlement must complete and mail the Request for Exclusion form to the Settlement Administrator no later than the Claim Deadline, as specified in the Settlement Agreement.

13.     Any Class Member may enter an appearance in the Class Action Litigation, at his or her own expense, individually or through counsel of their own choice.  Any Class Member who does not enter an appearance or Opt-Out of the Settlement Class will be represented by Class Counsel.

14.     Any Class Member may appear at the Final Approval Hearing and show cause, if he or she has any, why the proposed Settlement of the Class Action Litigation should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon, or why attorneys' fees should or should not be awarded to Class Counsel or an incentive award awarded to the Named Plaintiff; provided, however, that no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or, if awarded, an incentive award awarded to the Named Plaintiff, or the attorneys' fees and costs awarded to Class Counsel, unless that Class Member has, no later than the Bar Date, served by first class mail on the Settlement Administrator written objections, and copies of any papers and briefs in support thereof, explaining the basis of the objection. All timely filed and served objections shall be considered and ruled upon by the Court at the Final Approval Hearing.  Any Class Member who does not timely file and serve his or her objection in the manner provided in the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement and any award of attorneys' fees and costs awarded to Class Counsel, unless otherwise ordered by the Court.

15.     Class Counsel shall file their petition for an award of attorneys' fees and costs prior to the Final Approval Hearing.

16.     All papers in support of the Settlement shall be filed and served no later than seven (7) days prior to the Final Approval Hearing.

17.     At the Final Approval Hearing, the Court shall determine whether the proposed Settlement, and any application for attorneys' fees or reimbursement of costs, shall be approved.

18.     The Court may adjourn the date of the Final Approval Hearing without further notice to the Settlement Class members.

19.     The Parties have agreed to strike Section XXVIII ("Retention of Jurisdiction") from the Settlement agreement (Dkt. No. 150-1) filed with the Court on May 29, 2013.  The Parties seek dismissal with prejudice at the Final Approval Hearing and the Court will not retain jurisdiction to enforce the Settlement Agreement once Final Approval has been granted and once the case has been dismissed.


DATED:  __6/17/2013_____          _____
                                       John J. Tharp
                                       United States District Judge