IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER DEMARCO, an individual, on behalf of herself and all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) NORTHWESTERN MEMORIAL ) HEALTHCARE and NORTHWESTERN ) MEMORIAL HOSPITAL, ) ) Defendants. ) ) | Civil Action No.: 10-cv-397 Judge John J. Tharp, Jr. |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND PLAINTIFF'S UNOPPOSED PETITION FOR CLASS COUNSEL'S COSTS AND ATTORNEYS' FEES**

On December 18, 2013 at 1:00 P.M., a fairness hearing was held on the Plaintiff's Unopposed Motion for Final Approval of Class and Collective Action Settlement. Class Counsel, Gary F. Lynch of Carlson Lynch LTD, appeared for the Plaintiff and the Class. Defendants appeared by Seyfarth Shaw LLP, by Noah A. Finkel. Plaintiff, the Collective Class, the State Law Class, and Defendants are referred to collectively in this Order as the Parties.

Having received and considered the Settlement Agreement, the supporting unopposed papers filed by Plaintiff, and the evidence and argument received during the fairness hearing, by means of this Order (the "Final Approval Order"), the Court grants final approval of the Settlement, and hereby orders and makes determinations as follows:

1. The Court adopts and approves the terms set forth in the Settlement Agreement. (Dkt. 150-1.)

2.  This Court has jurisdiction over the subject matter of this litigation and all state and federal claims raised in this action and released in the Settlement Agreement, and personal jurisdiction over Defendants and all class members. Specifically, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) (the Fair Labor Standards Act ("FLSA")).

3.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all state law claims asserted by Plaintiff because the state law claims derive from a common nucleus of operative fact and form part of the same case or controversy as those claims over which the Court has primary jurisdiction.

4.  Pursuant to this Court's June 17, 2013 Order, a Notice of Class Action Settlement and Claim Form were sent to each of the State Law Class Members and the Collective Class Members. These papers plainly and adequately describe the nature of the action and the claims, the options in the settlement, the definition of the classes, an explanation that class members may hire their own attorney and the binding nature of the class judgment. In addition, the Notice explains how class members can request to be excluded from the settlement, how to comment or object, and the date of the fairness hearing. The Notice was provided by USPS first class mail to the most recent address available for each class member. The Notice was provided with ample time for the class members to follow the procedures set out in the Notice.

5.  The Court finds and determines that this notice procedure afforded adequate protections to class members and provides the basis for the Court to make an informed decision regarding approval of the Settlement Agreement based on the responses of class members. Notice was accomplished in all material respects in the matter prescribed by the Settlement Agreement and the Court's June 17, 2013 Order. The Court finds and determines that Notice

provided in this case was the best notice practicable, which satisfied the requirements of law and due process, including but not limited to the requirements of Fed. R. Civ. P. 23, the FLSA, the United States Constitution, and any other applicable law.

6. Pursuant to Fed. R. Civ. P. 23(e), the Court further finds and determines that (a) the terms of the Settlement Agreement are fair, reasonable, and adequate to the State Law Class and to each class member, (b) only 25 class members have excluded themselves from the Settlement, (c) no class member has objected to the Settlement Agreement, (d) the Settlement ordered is finally approved, and (e) all terms and provisions of the Settlement Agreement should be and hereby are ordered to be consummated. The Court specifically finds that the Settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of the State Law Class and Defendants, after thorough factual and legal investigation.

7. The Court finds and determines that the payments to be made to the State Law Class and the Collective Class, as provided for in the Settlement Agreement, are fair and reasonable. The proposed plan of allocation is rationally related to the relative strengths of the respective claims asserted. Moreover, the allocation is rationally related to each class member's potential recovery. The Court hereby gives final approval to and orders the payment of those amounts be made to the class members out of the $1,925,000 settlement fund in accordance with the terms of the Settlement Agreement.

8. The Court approves the award of an Enhancement Payment to the Class Representative in the amount of $5,000 as fair and reasonable based on the applicable precedent from the United States Supreme Court and the Seventh Circuit Court of Appeals.

9. The Court approves Class Counsel's petition for costs and attorneys' fees and finds that an award of attorneys' fees in the amount of $577,500, inclusive of all costs, is appropriate based on Rule 23 and applicable precedent from the United States Supreme Court and the Seventh Circuit Court of Appeals.

10. The Court finds that the Class Representative and the State Law Class members who did not exclude themselves from the settlement and who returned a timely executed Claim Form, have released all federal and Illinois law claims for overtime compensation between January 20, 2007 and October 24, 2012. As to those individuals who did not exclude themselves from the settlement and who did not return a timely executed Claim Form, they have released all claims for overtime compensation under Illinois state wage and hour laws between January 20, 2007 and October 24, 2012, but have not released their claims under the FLSA.

11. The court hereby incorporates all the terms of the Settlement Agreement into this Order and compliance with the Settlement Agreement is required.

12. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement Agreement and the Court's Order.

Dated at Chicago, Illinois, this __ day of _____, 201_.

                                                              BY THE COURT

                                              _____
                                              JOHN J. THARP, JR.
                                              U.S. DISTRICT JUDGE